CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
December 18, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Tanner Ray Hedrick, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Civil Action No. 7:25-cv-00628 |
| Officer Needham *et al.*, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Tanner Ray Hedrick, a Virginia inmate proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983. Hedrick asserts several claims arising from damage to a tablet computer provided to him. (Dkt. 1.) Hedrick submitted the financial documentation and consent to collection of fees form required to support his application to proceed *in forma pauperis*. (*See* Dkts. 2, 8.)

While the court finds that Hedrick qualifies to proceed without prepayment of fees or costs, it also finds that the complaint in this action fails to state a viable claim upon which relief could be granted. Accordingly, the court grants the *in forma pauperis* application but dismisses this action without prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

**I.     Standard of Review**

The court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute

"is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

While the court will construe *pro se* complaints liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the plaintiff must state a right to relief that is cognizable and plausible on its face. *See Iqbal*, 556 U.S. at 678.

## II.     Analysis

Hedrick's complaint is based upon the following facts, all of which the court assumes to be true. Inmates at Hedrick's facility, New River Valley Regional Jail, are permitted usage of tablet computers provided to the institution by a private company Global Tel-Link. (Dkt. 1 at 8.). Hedrick was given a tablet, but it had a crack on it at the time he was given it. (*Id.*)

Subsequently, the tablet fell off a bunk and shattered. (*Id.*) Hedrick was charged with an institutional infraction for damaging property. (*Id.*) He contends he was without fault in its breaking. (*Id.*) He was convicted of the institutional charge. (*Id.*) He subsequently also was charged in the General District Court for Pulaski County with a misdemeanor offense of Destruction of Property with Intent with the Value of the Property under $1,000 in violation of Va. Code § 18.2-137. (*Id.* at 5; Pulaski Gen. Dist. Court Online Case Info. available at https://eapps.courts.state.va.us/gdcourts/criminalDetail.) Hedrick states the criminal proceeding is an "ongoing criminal matter." (Dkt. 1 at 5.) Hedrick asserts a variety of claims arising from these facts.

In what Hedrick characterizes as his "Claim 1," he invokes violations of the Eighth Amendment, Fifth Amendment, and Fourteenth Amendment. (*Id.*) He mentions the Eighth Amendment in connection with being "double-charged" institutionally and criminally. He contends the double charging also violates the Fifth Amendment as double jeopardy. (*Id.*) He finally contends that the Fourteenth Amendment has been violated because of "discrimination" due to him being a convicted felon in another state. (*Id.*)

Claim 1 fails to establish a plausible claim of entitlement to relief because "[i]t has long been accepted that disciplinary changes in prison conditions do not preclude criminal punishment for the same conduct." *United States v. Moss*, 445 F. App'x 632, 634–35 (4th Cir. 2011); *see also Breed v. Jones,* 421 U.S. 519, 528 (1975) ("In the constitutional sense, jeopardy describes the risk that is traditionally associated with a criminal prosecution."); *Edwards v. Braxton*, No. 7:04-cv-00550, 2005 WL 1388746, at *4 (W.D. Va. June 10, 2005) (finding the double jeopardy clause does not apply to prison classification or disciplinary hearings).

Accordingly, the claimed "double-charging" does not support a Fifth Amendment double jeopardy claim or an Eighth Amendment claim of cruel and unusual punishment. Hedrick has asserted no facts supporting any claim that he has been treated differently than other inmate on account of any protected class in violation of the Fourteenth Amendment. Hedrick also mentions "defamation" because the criminal charges are a matter of public record, but being charged as a matter of public record does not constitute any actionable defamation claim as the fact that Hedrick has been charged with a crime is true, and Hedrick does not identify any specific Defendant in connection with any defamatory statement.

In "Claim 2," Hedrick objects to being charged with "frivolous" criminal charges given that he is destitute and cannot pay any restitution that may be ordered. (Dkt. 1 at 5–6.) He claims this amounts to "excessive bonds" being imposed in violation of the Eighth Amendment and asks that the court "pause the criminal proceed[ing]." (*Id.* at 6.) These events have not occurred so the court would not order relief upon a speculative event in any case. Even were Hedrick to be imposed with restitution and court costs that he cannot afford, this would not constitute "excessive bonds or fines" within the meaning of the Eighth Amendment's prohibition. *See, e.g., United States v. Dubose*, 146 F.3d 1141, 1146 (9th Cir. 1998) ("[I]in the restitution context, because the full amount of restitution is inherently linked to the culpability of the offender, restitution orders that require full compensation in the amount of the loss are not excessive."). Additionally, none of the named Defendants would be a person who would set a restitution amount. *See Haizlip v. Richardson,* No. 1:11cv376, 2012 WL 2838386, at *5 (M.D.N.C. July 10, 2012) (recommending dismissal of an Eighth Amendment

excessive bail claim against police officers because there was no showing that police officers had the authority or actually performed the act of setting the allegedly excessive bail). Finally, this federal court declines to intervene into the Commonwealth of Virginia's "ongoing" criminal case against Hedrick under *Younger v. Harris*, 401 U.S. 37 (1971). "Under *Younger*-abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237–38 (1984).

"Claim 3" complains only that Defendant Needham was commanded to charge Hedrick by Defendant Wahle. (Dkt. 1 at 6.) This allegation does not indicate any improper action that would support a cause of action.

"Claim 4" asserts that Hedrick has a First Amendment right to contend that he should not be held responsible for the damage to the tablet when it was damaged upon his receipt of it. (*Id.* at 6.) But Hedrick does not allege any facts indicating that his First Amendment rights to express that opinion have been impinged by any Defendant. So, Claim 4 does not state a viable claim.

"Claim 5" contends that the Commonwealth of Virginia could "vindicate" Hedrick but that it has not done so because it wants the extra fees (presumably to be charged in connection with a conviction) which will exceed the value of the damaged property. (*Id.* at 7.) This does not state any viable § 1983 claim.

### III. Conclusion and Order

For the foregoing reasons, the court **GRANTS** the application to proceed *in forma pauperis*, but **DISMISSES** the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* § 1915A(b)(1) (providing for same bases for dismissal).

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Hedrick and **CLOSE** the case.

**IT IS SO ORDERED.**

**ENTERED** this 18th day of December, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE